JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jay Anthony Nottingham

## DEFENDANTS
Joel Finsterwald, Sheriff of Wheeler Co., Deputies of Wheeler Co., Julian Torrez, Jon Burrell, Fnu Stokes & Carrie Gaines

(b) County of Residence of First Listed Plaintiff: **Wheeler Co., TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Wheeler Co, TX**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David Martinez, 1663 Broadway, Lubbock, TX 79401
(806) 744-1692

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S.C. 1983, 1988

Brief description of cause:
excessive use of force & failure to provide medical treatment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 10/06/2009
SIGNATURE OF ATTORNEY OF RECORD: /s/ David Martinez

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAY ANTHONY NOTTINGHAM<br>*Plaintiff*<br><br>v.<br><br>WHEELER COUNTY, TEXAS<br>JOEL FINSTERWALD, SHERIFF OF<br>WHEELER COUNTY, DEPUTIES<br>OF WHEELER COUNTY,<br>JULIAN TORREZ, JON BURRELL<br>FNU STOKES, and CARRIE GAINES<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br><br><br>Civil Action No. _____ |

## JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, Jay Anthony Nottingham, by and through the undersigned attorney, brings this Complaint against the above-named Defendants Joel Finsterwald, Sheriff of Wheeler County, and Deputies of Wheeler County, Julian Torrez, Jon Burrell, and FNU Stokes, and Jail Administrator of Wheeler County, Carrie Gaines, asserting violations of rights guaranteed to him under the United States Constitution and in support thereof alleges as follows:

1.  Introductory Statement

This is an action for damages sustained by a citizen of the United States against peace officers of Wheeler County, Texas, who assaulted the plaintiff.

2.  Jurisdiction and Venue

This is an action under 42 U.S.C. §1983 and 1988 seeking damages and redress by declaratory and injunctive relief as well as the award of counsel fees, for the deprivation, under color of state law, of rights guaranteed by the United States Constitution and the Eighth Amendment and Fourteenth Amendment of the United States Constitution and for related common law and statutory claims under the laws of the State of Texas. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and it has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a).

1

Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because the Defendant(s) reside within this judicial district and all of the claims asserted by Plaintiff arose within this District.

3.  Parties

Plaintiff, Jay Anthony Nottingham, is an adult individual currently incarcerated at the Jester Unit in Richmond, Texas.

Defendant, Joel Finsterwald, Sheriff of Wheeler County, Texas, P.O. Box 88, Wheeler, Texas 79096.

Defendant, Julian Torrez, Deputy Sheriff of Wheeler County, Texas, P.O. Box 88, Wheeler, Texas 79096.

Defendant, Jon Burrell, Deputy Sheriff of Wheeler County, P.O. Box 88, Wheeler, Texas 79096.

Defendant, FNU Stokes, Deputy Sheriff of Wheeler County, P.O. Box 88, Wheeler, Texas 79096.

Defendant, Carrie Gaines, Jail Administrator of Wheeler County, P.O. Box 88, Wheeler, Texas 79096.

4. Facts

On or about October 6, 2007 and continuing through the early morning hours of October 7, 2007, Defendants sought to arrest Plaintiff on a felony warrant out of Randall County, Texas.

At all relevant times, Defendants were peace officers employed by the County of Wheeler to perform their duties as agents, servants, and employees of said county. All Defendants are sued individually and in their official capacity.

At all times relevant to this action, Defendant Joel Finsterwald was the commanding officer of the defendants and responsible for their training, supervision and conduct.

At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as peace officers of the State of Texas.

2

## COUNT I – Excessive Use of Force
## 42 U.S.C. §1983

Against Defendants, Sheriff Joel Finsterwald, Deputy Sheriff Julian Torrez, Deputy Sheriff Jon Burrell, Deputy Sheriff FNU Stokes.

On October 6, 2007, Defendants were seeking to serve a felony warrant on Plaintiff. Plaintiff went into a "crawl space" under the house Defendants had entered in an attempt to serve the warrant. When Defendants were unable to seize Plaintiff from the "crawl space", they started using less lethal munitions to get Plaintiff out from under the house. Negotiations were also conducted by the Defendants, and finally, Plaintiff decided to come out from under the house. Upon exiting the "crawl space", Defendants caused Plaintiff to be tasered. Defendants also caused Plaintiff to be struck in the face, neck and body. Plaintiff was physically injured as a result of the conduct described in this complaint. Plaintiff also experienced pain and suffering as a result of this conduct.

Defendants have, therefore, violated 42 U.S.C. §1983 which proscribes the unlawful actions taken by them.

WHEREFORE, Plaintiff requests the following relief:

a) A judgment declaring Defendants' actions as discriminatory, unconstitutional, arbitrary, unreasonable, and unlawful;

b) Compensatory damages,

c) Punitive damages against the individual defendants in their individual capacities

d) Attorney's fees and costs pursuant to 42 U.S.C.§ 1988; and

e) Such other and further relief as the Court deems just and proper.

## COUNT II – Failure to Provide Proper Medical Treatment
## 42 U.S.C. §1983

Against Defendant Carrie Gaines, Jail Administrator for Wheeler County, Texas.

As a result of the conduct described herein, Plaintiff was treated at Parkview Hospital in Wheeler, Texas for his injuries. Defendant, Carrie Gaines, as jail administrator for the County of Wheeler, failed to insure that Plaintiff received the proper follow-up treatment prescribed by the emergency room physician. Therefore, Plaintiff was not given the prescriptions recommended upon discharge.

Furthermore, Defendant Gaines failed to send the emergency room records to the Randall County jail, which resulted in the failure of Plaintiff to receive proper medical care while there. This resulted in Plaintiff suffering a seizure while in the Randall County jail. Such action by Defendant Gaines was an intentional denial and unconscious indifference towards Plaintiff's medical needs.

Defendant has, therefore, violated 42 U.S.C. §1983 which proscribes the unlawful actions taken by her.

WHEREFORE, Plaintiff requests the following relief:

a) A judgment declaring Defendant's actions as discriminatory, unconstitutional, arbitrary, unreasonable, and unlawful;

b) Compensatory damages,

c) Punitive damages against the individual defendant in her individual capacities

d) Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

e) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICE OF DAVID MARTINEZ
1663 Broadway
Lubbock, Texas 79401
Telephone: (806) 744-1692
Telecopier: (806) 744-5660

David Martinez
State Bar No. 13141650
Attorney for Plaintiff

4