IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| JAY ANTHONY NOTTINGHAM, *PRO SE*, | § | |
| TDCJ-CID No. 1490726, | § | |
| FBI No. 29075T4, | § | |
| RANDALL COUNTY No. 9541, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0250 |
| | § | |
| JOEL FINSTERWALD, ET AL., | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff's Motion to Correct Trial Transcript Due to Omitted Testimony and Preserve Court Reporter's Notes and Recordings filed in the above-referenced and numbered cause was referred to the undersigned United States Magistrate Judge by the United States District Judge by Order of Referral issued January 17, 2013.

An evidentiary hearing was conducted on Tuesday, February 5, 2013. At the hearing, plaintiff appeared pro se and the defendants appeared by their counsel of record. Plaintiff presented no evidence but requested that he be permitted to listen to the Court Reporter's tape. Plaintiff did not reference any legal authority to support his demand to listen to the recording of the trial. Defendant argued that, in the absence of evidence to the contrary, and in light of the Court Reporter's Affidavit that the transcription of the trial on the merits was accurate, the record is presumed accurate.

Despite plaintiff's failure to rebut any presumption of correctness which attaches, the

Court called Ms. Stacy Morrison, the Court Reporter in the trial of this cause on the merits, as a witness. She was sworn and testified she was a certified court reporter, had been a court reporter since 1982, and for the last several years had been the federal court reporter for the United States District Judge. Ms. Morrison described the process of transcribing trial proceedings and certification of the transcript. She testified she had transcribed and certified the record of the trial of this case, had not altered that record, and was of the opinion that it had not been altered by anyone else. She stated she had listened to the tape recording and to the back-up recording three (3) times, comparing them with the written transcript and more particularly with the disputed portions of the transcript. At the request of the Court, Ms. Morrison set up her tape player with the tape of the hearing and her computer, which automatically made a back-up recording of the trial and contained her court reporter's notes. As the Court and the parties followed along, Ms. Morrison played both recordings of each section of the transcript which plaintiff challenged in his motion. The Court also granted plaintiff's request that a portion of his own testimony, which he had not challenged in his motion, be played. No variance of any sort between transcript and the recordings of the trial was found. The transcript and the recordings were identical.

It is the FINDING of the Magistrate Judge that the transcript is accurate and that plaintiff's claims that testimony was omitted and his challenges to the accuracy of the transcript are totally without merit.

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's Motion to Correct Trial Transcript and Preserve Court Reporter's Notes

and Recordings [docket entry no. 269] is without merit and that all relief be DENIED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of February, 2013.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).