IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAY ANTHONY NOTTINGHAM, *PRO SE*, <br> TDCJ-CID No. 1490726, <br> FBI No. 29075T4, <br> RANDALL COUNTY No. 9541, <br><br> Plaintiff, <br><br> v. <br><br> JOEL FINSTERWALD, ET AL., <br><br> Defendants. | § § § § § § § § § § § § § | 2:09-CV-0250 |

**ORDER**

Following the January 17, 2013 referral to the Magistrate Judge from the United States District Judge of plaintiff's Motion to Correct Trial Transcript Due to Omitted Testimony and Preserve Court Reporter's Notes and Recordings filed in the above-referenced and numbered cause, an evidentiary hearing was conducted on Tuesday, February 5, 2013.

On February 6, 2013, a Report and Recommendation was issued by the Magistrate Judge recounting the evidence reviewed at the hearing and setting forth the FINDING of the Magistrate Judge that the transcript is accurate and plaintiff's claims that testimony was omitted and challenges to the accuracy of the transcript are totally without merit. It was the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's Motion to Correct Trial Transcript and Preserve Court Reporter's Notes and Recordings [docket entry no. 269] was without merit and that all relief be DENIED.

On February 12, 2013, plaintiff filed a pleading entitled "Motion to Provide All Electronic Recordings, Transcripts and Notes for Expert Electronic Review" and defendants filed their response

on that same day.

On February 20, 2013, plaintiff filed his Objection to the Magistrate Judge's February 6, 2013 Report and Recommendation.

By his Objection, plaintiff argues the Hearing demonstrated "the specific testimony set forth by Plaintiff was not contained in the transcript." Plaintiff complains no further investigation into the reasons why the testimony was missing was provided and that the Magistrate Judge denied plaintiff's request to hear the full audio testimony of witness Mr. Dave Thomas. Plaintiff says no further arrangements were provided to obtain an examination by an electronic recording expert and complains he has not been appointed counsel. He further complains that, after being transported to the Clements Unit in Amarillo for the hearing, he was not able to use the telephone or access the law library there.

The record shows plaintiff received a Hearing and was given the opportunity to present any evidence he wished to support his claim that the transcript of the trial on the merits was not accurate and that the recordings had been altered. Plaintiff provided no evidence to support his speculative assertions that some testimony was missing. Plaintiff is not proceeding *in forma pauperis* in this cause. Moreover, plaintiff is without counsel because he elected to agree to the withdrawal of attorney David Martinez, Esq., from this cause, unequivocally declaring in open court that he would rather represent himself[1]. As to plaintiff's complaints concerning his confinement at the Clements Unit, plaintiff was transported only a week or two before the hearing, and has made no complaint that he was prevented from doing whatever research and investigation he wanted while at his unit of permanent assignment. In any event, plaintiff is proceeding pro se and must shoulder the burdens

---

[1] The March 22, 2012 hearing conducted on the Motion to Withdraw as Counsel filed in the above-referenced and numbered cause.

of investigating and presenting his own case.

By his February 12, 2013 "Motion to Provide All Electronic Recordings, Transcripts and Notes for Expert Electronic Review" plaintiff argues those portions of the Transcript which he had identified as missing from the Transcript of the trial on the merits of this case, were indeed absent both from the printed Transcript and from the Court Reporter's Tape Recording and the back up recording on her computer. Thus, plaintiff concludes, he has shown the record is incomplete. Plaintiff requests "that this court provide Appellant Nottingham the right to have an independent expert examine the transcripts with related notes and recordings;" that the transcript be corrected, amended, supplemented, certified, and filed at no additional expense to him; and that, if this cannot be done, that he receive a new trial. Plaintiff has never identified an independent expert or indicated he hired one. Plaintiff's complaint on this point is completely without substance.

Review of the Hearing shows plaintiff introduced no evidence of any sort and did not rebut the presumption of accuracy which attached to the certified transcript. Nevertheless, both the computer recording and the back-up tape recording of those sections of the trial were played in open court and compared with the trial Transcript, and the Transcript was determined to be accurate. The Magistrate Judge even granted plaintiff's request to hear the recording of his own testimony shown at page 13 of the Transcript because, he said, he didn't think he said that, [recording of February 5, 2013 Hearing at 11:29:27], despite the fact that this was not included in plaintiff's motion. After that section of the recording was reviewed, plaintiff remarked, "I'll be darned; I did say that."

At the Hearing and by his objections, plaintiff has failed to substantiate any allegation and has presented no evidence to support an allegation that the Court Reporter's Stenographic Notes and the primary and the back-up recordings were altered in any way, much less in identical ways.

3

Further, the District Judge has made an independent examination of the trial transcript, which is time-stamped showing the time, minute, and second of each question and answer, and finds it is accurate.

For the reasons set forth above, the Court is of the opinion that plaintiff's objections should be OVERRULED and the Finding and Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Finding and the Report and Recommendation of the United States Magistrate Judge.

All relief is DENIED.

Plaintiff's February 12, 2013 "Motion to Provide All Electronic Recordings, Transcripts and Notes for Expert Electronic Review" is DENIED.

It is SO ORDERED.

This Order terminates docket entry nos. 269 and 294.

Signed this the _____ 28th _____ day of February, 2013.

MARY LOU ROBINSON
United States District Judge